UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
TAYLOR WISMEG, CABRIAN TAGGART, and RICHARD
MEDAL, individually and on behalf of all others similarly situated,   CIVIL ACTION NO.

                                 Plaintiffs,

                                                                                                     COMPLAINT

                -against-

CUS MF POWERHOUSE LLC d/b/a COYOTE UGLY SALOON,
LILLIANA LOVELL, ANNA GOTT, PAULA DINORIS,
ELIZABETH JONES, and TOMMY BUCHHEIT,

                               Defendants.
-------------------------------------------------------------------------X

Plaintiffs Taylor Wismeg, Cabrian Taggart, and Richard Medal (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Katz Melinger PLLC, complaining of the defendants, CUS MF Powerhouse LLC d/b/a Coyote Ugly Saloon ("CUS"), Lilliana Lovell, Anna Gott, Paula Dinoris, Elizabeth Jones, and Tommy Buchheit (collectively, "Defendants"), respectfully allege as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"); the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"); and any other cause of action which can be inferred from the facts herein.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York law pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiffs'

federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5. Plaintiffs are individuals residing in the State of New York.

6. At all relevant times, Plaintiffs were employed by Defendants.

7. While employed with Defendants, Plaintiffs were regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Plaintiffs are covered employees within the meaning of the FLSA and the NYLL.

9. CUS is a domestic corporation with its principal place of business located at 233 East 14th Street, New York, New York 10003.

10. Lovell is an individual residing, upon information and belief, in the State of New York.

11. Gott is an individual residing, upon information and belief, in the State of New York.

12. Dinoris is an individual residing, upon information and belief, in the State of New York.

13. Jones is an individual residing, upon information and belief, in the State of New York.

14. Buchheit is an individual residing, upon information and belief, in the State of New York.

15. At all relevant times, Lovell, Gott, Dinoris, Jones and Buchheit were and/or are owners and/or person in control of CUS who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

16. At all relevant times, Defendants were responsible for setting Plaintiffs' schedules and day-to-day activities and for supervising their performance.

17. At all relevant times, Defendants had the power to discipline and terminate Plaintiffs.

18. At all relevant times, Defendants were responsible for compensating Plaintiffs.

19. Lovell had and exercised control over hiring employees, including Plaintiffs.

20. Dinoris had and exercised control over hiring and firing employees and setting employees' rates of pay, including Plaintiffs.

21. Gott and Buchheit also had and exercised control over setting employees' rates of pay, including Plaintiffs.

22. Gott also had and exercised control over setting employees' schedules, including Plaintiffs.

23. Jones and Buchheit had control over implementing and implemented wage and hour policies for Defendants.

24. At all relevant times, Plaintiffs were covered employees within the meaning of the FLSA and NYLL.

25. Defendants are covered employers within the meaning of the FLSA and NYLL, and, at all relevant times, employed Plaintiffs.

26. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of the minimum required to fall within the jurisdiction of the FLSA.

27. Defendants operate in interstate commerce.

28. All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

29. The First and Third Causes of Action in this Complaint, which arise out of the FLSA, are brought by Wismeg and Taggart on behalf of themselves and similarly situated persons who were employed since the date three (3) years prior to the filing of the Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

30. The FLSA Collective Plaintiffs consist of no less than fifteen (15) similarly situated current and former bartenders employed by Defendants who are victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them their rightful pay and unlawfully misappropriating their tips.

31. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the lawful minimum wage and unlawfully misappropriating their tips.

32. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

33. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

34. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

#### Taylor Wismeg

35. Wismeg has worked as a bartender and shift lead for Defendants since in or around July 2021.

36. As a bartender and shift lead, Wismeg's primary job duties consist of opening and closing the bar, serving drinks to customers, cleaning the bar, and singing and dancing for customers.

37. Throughout her employment, Wismeg has regularly worked Fridays and Saturdays from approximately 8:00 p.m. until 5:30 a.m. or 6:30 a.m. the following morning.

38. Beginning in or around February 2022, Wismeg also began working a Tuesday or Wednesday shift each week, with each shift lasting between six (6) and twelve (12) hours.

39. From the start of Wismeg's employment until in or around January 2022, Defendants paid Wismeg $12.50 per hour, plus tips, for Wismeg's bartending duties, and $15.00 per hour for training and dance rehearsals.

40. Since in or around February 2022, Defendants have paid Wismeg $16.00 per hour, plus tips.

41. At the start of each shift, Defendants gave each bartender, including Wismeg, cash that the bartenders used to provide change to customers who paid their bills in cash (the "cash bank").

42. At the end of each shift, the bartenders, including Wismeg, were required to return to Defendants the cash banks, after accounting for cash sales the bartenders received during their shifts.

43. However, based on Defendants' accounting practices, the money in each bartender's cash bank at the end of their shifts was typically 1 cent to 99 cents more than the money in their cash bank at the start of their shifts. For example, if a bartender was given a cash bank of $300.00 at the start of their shift, after accounting for cash sales the bartender's cash bank at the end of their shift was typically between $300.01 and $300.99.

44. At the end of their shifts, Defendants required each bartender, including Wismeg, to round their cash banks up to the nearest dollar and to make up the difference using money from their tips.

45. At the end of each shift, Wismeg and the other bartenders were responsible for cleaning the bar before closing the bar for the night.

46. From the start of her employment until in or around January 2023, Defendants did not permit Wismeg and the other bartenders to begin cleaning the bar until all customers had left, which on Friday and Saturday shifts typically occurred after 4:00 a.m.

47. For Friday and Saturday shifts, Wismeg and the other bartenders typically finished cleaning the bar between 5:30 a.m. and 6:30 a.m. the next morning, although on holidays such as St Patrick's Day, Halloween, and New Year's Eve Wismeg typically worked until between 7:00 a.m. and 8:30 a.m.

6

48. However, through in or around January 2023, Defendants failed to pay Wismeg and other bartenders any wages for work they performed more than forty-five (45) minutes after closing.

### Cabrian Taggart

49. Taggart worked for Defendants as a bartender and shift lead from in or around June 2021 until in or around June 2023.

50. Throughout her employment, Taggart typically worked Tuesdays from approximately 2:00 p.m. until 9:30 p.m. and Fridays and Saturdays from approximately 7:45 p.m. until closing.

51. From in or around June 2021 until in or around February 2022, Defendants paid Taggart $12.50 per hour, plus tips.

52. From in or around March 2023 until the end of her employment, Defendants paid Taggart $16.00 per hour, plus tips.

53. Like Wismeg, Taggart was also required to round up her cash bank at the end of each shift and to make up the difference out of her own tips.

54. Through in or around January 2023, Taggart also closed the bar on Friday and Saturday nights, as well as certain holidays, and also was not paid for the work she performed forty-five (45) minutes after closing.

### Richard Medal

55. Medal worked for Defendants as a line cook from in or around June 2021 until in or around February 2023.

56. As a line cook, Medal's primary job duties consisted of cooking, cleaning and organizing the kitchen, transporting ice to the bar, and arranging the outdoor patio furniture and space.

57. Throughout his employment, Medal regularly worked Tuesdays and Wednesdays from approximately 4:00 p.m. until 11:00 p.m. and Sundays from approximately 12:00 p.m. until 1:00 a.m.

58. Defendants paid Medal $17.00 or $18.00 per hour throughout his employment with Defendants.

<u>Late Payment of Wages</u>

59. Plaintiffs were and are "manual workers" under NYLL § 191(1)(a) and therefore were and are required to be paid on a weekly basis.

60. However, throughout their employment, Defendants paid Plaintiffs and their coworkers on a bi-weekly basis, in violation of the NYLL.

<u>FLSA Collective Claims</u>

61. Wismeg, Taggart, and the FLSA Collective Plaintiffs were non-exempt employees who were entitled to be paid at least the applicable minimum wage for all hours worked.

62. Defendants failed to pay Wismeg, Taggart, and the FLSA Collective Plaintiffs at least the applicable minimum wage rate for all hours worked.

63. Specifically, Defendants failed to pay Wismeg, Taggart, and the FLSA Collective Plaintiffs any wages for the work they performed more than forty-five (45) minutes after closing through at least in or around January 2023.

64. Defendants also misappropriated the tips earned by Wismeg, Taggart, and the FLSA Collective Plaintiffs by requiring bartenders to round up their cash banks at the end of each shift to the nearest dollar and to make up the difference using money from their tips.

NYLL Claims

65. Defendants unlawfully deducted tips from Wismeg and Taggart by requiring them to round their cash banks up to the nearest dollar at the end of each shift and to make up the difference using money from their tips.

66. Additionally, although Plaintiffs were manual workers under the NYLL, Defendants failed to pay Plaintiffs their earned wages within seven (7) calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191(1)(a)(i).

67. Defendants also failed to pay Plaintiffs spread of hours pay equal to one (1) additional hour's pay at the full minimum wage rate for every day in which their shifts spanned more than ten (10) hours.

68. Defendants also failed to furnish to Plaintiffs payroll notices at the time of their hire, or at any time thereafter, containing Plaintiffs' rates of pay, the designated payday, or other information required by NYLL § 195(1).

69. Defendants further failed to furnish to Plaintiffs, with each wage payment, an accurate statement listing Plaintiffs' regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

70. By failing to provide Plaintiffs with complete and accurate payroll notices and wage statements as required by NYLL §§ 195(1) and (3), Defendants deprived Plaintiffs and similarly situated employees of their statutory rights to be provided with concrete information

about the terms and conditions of their compensation, including the correct information on the amount of compensation paid for regular work hours, and the amount of tips earned.

71. Defendants' failure to provide Plaintiffs with such information caused Plaintiffs to endure uncertainty regarding their wages and hindered their ability to take action to correct Defendants' wage and hour violations as Defendants deprived Plaintiffs of the means to confirm that they were being compensated in accordance with the terms of their employment and with the requirements of federal and state law.

72. As a result, Defendants injured Plaintiffs by denying them the right to complete and accurate information about terms of their compensation, which resulted in the underpayment of their wages.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF WISMEG AND TAGGART, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Failure to Pay Minimum Wages in Violation of the FLSA)*

73. Plaintiffs, individually and on behalf of the FLSA Collective Plaintiffs, repeat and reallege all prior allegations.

74. Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to the statutory minimum hourly wage for all of the hours they worked.

75. Defendants knowingly failed to pay Wismeg and Taggart, and the FLSA Collective Plaintiffs, the statutory minimum wage for all of the hours they worked.

76. As a result of Defendants' violations of the law and failure to pay Wismeg, Taggart, and the FLSA Collective Plaintiffs the required minimum wages, Wismeg, Taggart, and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

77. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Wismeg, Taggart, and the FLSA Collective Plaintiffs are entitled to liquidated damages equal to one hundred percent (100%) of the minimum wages due to them.

78. Judgment should be entered in favor of Wismeg, Taggart, and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF
WISMEG AND TAGGART**
*(Failure to Pay Minimum Wages in Violation of the NYLL)*

79. Plaintiffs repeat and reallege all prior allegations.

80. Pursuant to the applicable provisions of the NYLL, Wismeg and Taggart were entitled to the statutory minimum hourly wage for all of the hours they worked.

81. Defendants knowingly failed to pay Wismeg and Taggart the statutory minimum wage for all of the hours they worked.

82. As a result of Defendants' violations of the law and failure to pay Wismeg and Taggart the required minimum wages, Wismeg and Taggart have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

83. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Wismeg and Taggart are entitled to liquidated damages.

84. Judgment should be entered in favor of Wismeg and Taggart and against Defendants on the Second Cause of Action in the amount of their respective unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF WISMEG AND TAGGART, INDIVUDALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Misappropriation of Tips in Violation of the FLSA)*

85. Plaintiffs, individually and on behalf of the FLSA Collective Plaintiffs, repeat and reallege all prior allegations.

86. Pursuant to section 203(m)(2)(B) of the FLSA, an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

87. According to supporting Department of Labor Regulations, 29 C.F.R. § 531.52, tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA.

88. Defendants unlawfully required Wismeg, Taggart, and the FLSA Collective Plaintiffs to round up their cash banks to the nearest dollar at the end of each shift and to make up the difference using their own tips.

89. As a result, Wismeg, Taggart, and the FLSA Collective Plaintiffs did not receive all of the tips they earned each shift.

90. Defendants' unlawful retention of tips earned by Wismeg, Taggart, and the FLSA Collective Plaintiffs constitutes willful violations of the FLSA and the supporting Department of Labor Regulations.

91. As Defendants did not have a good faith basis to believe that their retention of tips was in compliance with the law, Wismeg, Taggart, and the FLSA Collective Plaintiffs are entitled to liquidated damages.

92. Judgment should be entered in favor of Wismeg, Taggart, and the FLSA Collective Plaintiffs and against Defendants on the Third Cause of Action in the amount of their respective unlawfully withheld gratuities, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF WISMEG AND TAGGART
*(Misappropriation of Tips in Violation of the NYLL)*

93. Plaintiffs repeat and reallege all prior allegations.

94. NYLL § 193(1) prohibits employers from making any deductions from an employee's wages except those permitted by law.

95. NYLL § 196-d prohibits any employer or its agents, including managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity or any charge purported to be a gratuity for an employee.

96. Defendants unlawfully required Wismeg and Taggart to round up their cash banks to the nearest dollar at the end of each shift and to make up the difference using money from their tips.

97. As a result, Wismeg, Taggart, and the other bartenders did not receive all of the tips they earned each shift.

98. Defendants' knowing and intentional retention Wismeg's and Taggart's tips constitute willful violations of the NYLL.

99. Judgment should be entered in favor of Wismeg and Taggart and against Defendants on the Fourth Cause of Action in the amount of her unlawfully misappropriated tips, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF WISMEG AND TAGGART
*(Unlawful Deductions from Wages under the NYLL)*

100. Plaintiffs repeats and realleges all prior allegations set forth above.

101. Pursuant to the provisions of NYLL § 193, employers are prohibited from making any deductions from the wages of an employee, except in limited circumstances.

102. During the relevant period, Defendants made unlawful deductions from Wismeg's and Taggart's earned tips by requiring them to round up their cash banks to the nearest dollar at the end of their shifts and to make up the difference using money from their tips.

103. Defendants' deductions from Wismeg's and Taggart's wages violated NYLL § 193.

104. Judgment should be entered in favor of Wismeg and Taggart and against Defendants on the Fifth Cause of Action in the amount of their unlawfully deducted wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
*(Failure to Timely Pay Wages under the NYLL)*

105. Plaintiffs repeat and reallege all prior allegations.

106. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiffs were entitled to be paid their earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

14

107. At all relevant times, Defendants failed to timely pay Plaintiffs all their earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

108. As a result of Defendants' violations of the law and failure to pay Plaintiffs in accordance with NYLL § 191(1)(a)(i), Plaintiffs have been damaged and are entitled to recover from Defendants liquidated damages equal to the amount of their untimely paid wages.

109. Judgment should be entered in favor of Plaintiffs and against Defendants on the Sixth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Failure to Pay Spread of Hours Wages in Violation of the NYLL)*

110. Plaintiffs repeat and reallege all prior allegations.

111. Plaintiffs regularly worked shifts that spanned more than ten (10) hours per day.

112. Defendants willfully failed to pay Plaintiffs additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which Plaintiffs' and the Class members' shifts spanned more than ten (10) hours.

113. By failing to pay Plaintiffs spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.* and the supporting New York State Department of Labor Regulations.

114. As Defendants did not have a good faith basis to believe that their failure to pay spread of hours wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

115. Judgment should be entered in favor of Plaintiffs and against Defendants on the Seventh Cause of Action in the amount of their unpaid spread of hours wages, liquidated damages,

attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
*(Failure to Provide Payroll Notices Under the NYLL)*

116. Plaintiffs repeat and reallege all prior allegations set forth above.

117. Defendants failed to furnish to Plaintiffs, at the time of their hire or any time thereafter, a notice containing their rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

118. As Defendants failed to provide Plaintiffs with a payroll notice as required by NYLL § 195(1), Plaintiffs are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

119. Judgment should be entered in favor of Plaintiffs and against Defendants on the Eighth Cause of Action in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
*(Failure to Provide Payroll Notices Under the NYLL)*

120. Plaintiffs repeat and reallege all prior allegations set forth above.

121. Defendants failed to furnish to Plaintiffs, with each wage payment, a statement listing Plaintiffs' regular and overtime rates of pay; the number of regular and overtime hours worked, gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

122. As Defendants failed to provide Plaintiffs with wage statements as required by NYLL § 195(3), Plaintiffs are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

123. Judgment should be entered in favor of Plaintiffs and against Defendants on the Ninth Cause of Action in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs pray for relief as follows:

a) on the First Cause of Action on behalf of Wismeg, Taggart, and the FLSA Collective Plaintiffs for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action on behalf of Wismeg and Taggart for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action on behalf of Wismeg, Taggart, and the FLSA Collective Plaintiffs for all misappropriated tips due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action on behalf of Wismeg and Taggart for all misappropriated tips due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action on behalf of Wismeg and Taggart for all unlawfully deducted wages, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court

f) on the Sixth Cause of Action for liquidated damages equal to all untimely paid wages and reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for all spread of hours wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

i) on the Ninth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

j) interest;

k) costs and disbursements; and

l) such other and further relief as is just and proper.

Dated: New York, New York
January 26, 2024

/s/ Adam Sackowitz
Adam Sackowitz
Katz Melinger PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
T: (212) 460-0047
F: (212) 428-6811
ajsackowitz@katzmelinger.com
*Attorneys for Plaintiffs*